# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS SCHRIEBER, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO. 09-CV-128-JHP-FHM |
| | ) |
| FEDERAL EXPRESS CORPORATION | ) |
| d/b/a FEDEX EXPRESS, | ) |
| | ) |
| DEFENDANT. | ) |

## OPINION AND ORDER

Plaintiff's Motion to Compel Witness Disclosures [Dkt. 61] and Alternative Motion to Strike Witnesses [Dkt. 62] have been referred to the undersigned United States Magistrate Judge for decision. Defendant has filed a response [Dkt. 69] and Plaintiff has filed a reply [Dkt. 71].

Plaintiff seeks an order either requiring Defendant to supply additional information, or striking the witnesses on Defendant's "may call" list, excluding their use for any purpose at trial. Plaintiff contends that Defendant listed the witnesses without providing a meaningful description of their expected testimony. Defendant argues that it provided sufficient information about the witnesses' expected testimony in its Response to Interrogatory 14. [Dkt. 61-2].

Plaintiff's Motion to Compel Witness Disclosures [Dkt. 61] is DENIED.[1]

---

[1] In his reply brief, [Dkt. 71], Plaintiff contends he filed this motion in time to allow Plaintiff to use any supplemental information during discovery but that now the only meaningful remedy is to strike the witnesses on Defendant's "may call" list and exclude their use at trial. Plaintiff's contention is not supported by the record. Defendant served its response to Interrogatory 14 on September 18, 2009. Plaintiff's motion was not filed until January 4, 2010. By the time the briefing on Plaintiff's motion was completed on January 26, 2010, there were only three days left before the discovery deadline. If Plaintiff was interested in obtaining additional information about the witnesses' areas of knowledge, Plaintiff should have brought the issue to the Court sooner. It also would have been helpful for Plaintiff to be

(continued...)

The parties have both cited authority relating to the sufficiency of initial disclosures under Fed.R.Civ.P. 26(a)(1)(A) as the guide for the Court in deciding the motion. Along with other cases, Plaintiff cited *Lipari v. U.S. Bancorp, N.A.*, 2008 WL 2874373 (D.Kan. July 28, 2008)[2] which states:

> [T]he Rule 26(a)(1)(A) disclosure should provide enough information that would allow the opposing party to help focus the discovery that is needed and to determine whether a deposition of a particular person identified as a potential witness might be necessary.

*Id.*, at *2. Defendant cited the Advisory Committee Notes to the 1993 Amendments to Rule 26(a)(1)(A) which state that the disclosures should "indicate briefly the general topics on which such person's have knowledge." (sic) [Dkt. 69, p. 4]. Rule 26 (a)(1)(A)(i) provides that the initial disclosures should include:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

The Court has reviewed Defendant's Response to Interrogatory Number 14, which identifies Defendant's witnesses, with the foregoing authorities in mind. The Court finds Defendant's Response to Interrogatory Number 14 to be generally sufficient.

For the witnesses listed as Numbers 1 through 20 and 23, Defendant has provided a fairly specific description outlining the witness's area of knowledge. That information was sufficient for the Plaintiff to focus his discovery and to enable him to

---

[1] (...continued)
more specific about the information he was seeking.

[2] This unpublished case can also be found at 2008 U.S. Dist. LEXIS 60332.

make informed decisions about trial preparations. Plaintiff's motion to strike is denied as to these witnesses.

Paragraph 21 of Defendant's Response to Interrogatory Number 14 does not list any witnesses by name. [Dkt. 61-2, pp. 6-7]. Instead, it refers to a list previously given to Plaintiff which identifies people employed by Defendant between 2007 and 2009. The response identifies general categories of knowledge the employees should have. There is no explanation about how the categories of information relate to the issues in the case, nor does the response identify which witnesses have relevant information. Paragraph 21 appears to be an attempt to identify every possible witness. The undersigned finds that the information contained in paragraph 21 does not supply sufficient information to satisfy Defendant's discovery obligations. Plaintiff's motion to strike is granted as to the witnesses encompassed by paragraph 21 of Defendant's Response to Interrogatory 14.

Paragraph 22 of Defendant's Response to Interrogatory 14 lists 29 witnesses by name and states:

> Defendant submits that any of the hourly employees who were involved in or witnesses to (a) any of the incidents in which Plaintiff was counseled or disciplined or (b) any of the incidents that form the basis of Plaintiff's claim of disparate treatment should have knowledge regarding any such incidents.

[Dkt. 61-2, p. 7]. The incidents for which Plaintiff was counseled or disciplined are known to Plaintiff and Plaintiff has knowledge about which of the listed witnesses have information on those topics. Likewise, Plaintiff should already have knowledge about

3

which of these witnesses relate to incidents of disparate treatment. Plaintiff's motion is therefore denied as to paragraph 22, except that the witnesses identified therein are strictly limited to the areas of testimony set forth in paragraph 22 of Defendant's Response to Interrogatory 14.

In addition to Plaintiff's expert and Plaintiff, there are seven witnesses listed on Defendant's Revised Witness List [Dkt. 56] who are not listed in Defendant's Response to Interrogatory 14:

> Brian Smith
> David Ariza
> Dave Lusk
> George Sims
> James Gunnells
> Kirk Dunaway
> Marie Harper

By letter of November 12, 2009, Defendant advised Plaintiff that David Ariza and James Gunnellls were accidently left off the list of witnesses under Paragraph 22 of Defendant's Response to Interrogatory 14. Since Plaintiff had over two months of discovery left at that time, the Court denies Plaintiff's motion as to these two witnesses.

Because Defendant did not disclose the remaining five witnesses in Defendant's response to Interrogatory 14 or at any time prior to the discovery deadline, Plaintiff's motion is granted as to these five witnesses.

Plaintiff's Motion to Compel Witness Disclosures [Dkt. 61] is DENIED. The Alternative Motion to Strike Witnesses [Dkt. 62] is GRANTED in Part and DENIED in Part as set forth herein.

SO ORDERED this 9th day of February, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE