**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DENNIS SCHRIEBER,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. 09-CV-128-JHP-PJC** |
| | **)** | |
| **FEDERAL EXPRESS CORPORATION d/b/a FEDEX EXPRESS,** | **)** | |
| | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

**ORDER**

Before the Court is Plaintiff's Motion For Partial Summary Judgment, [Doc. No. 64], Defendant's Response in Opposition to Plaintiff's Motion [Doc. No. 76], and Plaintiff's Reply to Defendant's Response [Doc. No. 82]. Also before the Court is Defendant's Motion For Summary Judgment [Doc. No. 72] and Memorandum of Law in Support of Defendant's Motion [Doc. No. 73], Plaintiff's Response to Defendant's Motion [Doc. No. 89], Defendant's Reply to Plaintiff's Response [Doc. No. 112], and Plaintiff's Surreply [Doc. No. 126]. For the reasons stated herein, this Court hereby **GRANTS IN PART, AND DENIES IN PART** the Defendant's Motion For Summary Judgment and **DENIES** Plaintiff's Motion For Summary Judgment.

**BACKGROUND**

Plaintiff, Daniel Schrieber, was employed by the Defendant, Federal Express Corporation (hereinafter "FedEx") for nearly 25 years before being terminated in December, 2008. [Doc. No. 89-6, pg. 4] Schrieber was terminated after FedEx alleged Schrieber accrued three (3) disciplinary actions in one (1) year. Under a FedEx internal policy, once an employee is given three (3) disciplinary actions in a twelve (12) month period, that employee is usually subject to termination.

FedEx has two different forms of written discipline that count towards an employee's termination: a "performance reminder", issued for performance issues, and a "warning reminder", issued for conduct violations. Plaintiff's written disciplinary actions were given on November 6, 2007, July 24, 2008, and December 17, 2008. FedEx also allows managers to issue non-disciplinary counselings (known as "written counselings" or "OLCC's") which do not count as one of the three allowable disciplinary actions.

From September 19, 2008, to November 14, 2008, Schrieber took approved leave time pursuant to the Family Medical Leave Act (hereinafter "FMLA"). Defendant contends that the Plaintiff's leave was listed as both short term disability leave and FMLA leave. During the time Schrieber was on leave his "active" year, in which his disciplinary actions could accrue, was tolled. Therefore, even though Schrieber's disciplinary's actions did not all occur during the same calendar year, FedEx counted the last discipline against him in making the decision to terminate his employment because his disciplinary time frame was extended for the amount of time he was on leave.

There is no dispute that had the consideration period not been extended for the duration of his leave, the last disciplinary action would not have counted against Schrieber and would not have resulted in termination. Under FedEx's internal policies, FMLA and short term disability leave among other specified types of leave, for any duration, cause the time for disciplinary actions to toll. However, if leave is taken as vacation time or sick leave, the disciplinary time is not extended.

At the time Schrieber was terminated, he was 53 years old. Schrieber makes allegations that his supervisor at FedEx, Attila Koscardy, made derogatory comments regarding his ability to properly perform his job functions because of his age such as, "the older we get the harder it is to

do our job", and "I'm sure it's hard for a man your age to get up this early in the morning." [Doc. No. 89-13, pg 280-283]. Koscardy hired the Plaintiff to be an operations manager in July, 2006. At that time he was hired into this management position, Schrieber was 51 years old and Koscardy was 49 years old.

On July 30, 2008, Schrieber filed an internal complaint with FedEx regarding his complaints of age discrimination. [Doc. No. 89-25] FedEx received that complaint on August 8, 2008. [Doc. No. 89-24, pg. 11] FedEx then completed an investigation of Schrieber's complaint which included interviewing Koscardy. [Doc. No. 89-23] Schrieber left for medical leave on September 19, 2008. On October 15, 2008, the Plaintiff was given a light-duty return to work from his physician allowing him to return to work with certain, standing, bending, and lifting restrictions. Schrieber requested he be able to return to FedEx under a restricted work schedule. Schrieber agreed that he could not manage the operational aspect of his job with his limited restrictions for more than two (2) hours and that it would be best if there was a co-manager assigned to work with him. FedEx declined his request to return on a restricted basis and did not allow him to return until he could effectively perform his job duties. Schrieber returned to work full time on November 15, 2008.

On November 24, 2008, Plaintiff received a written "counseling" from Koscardy because a container was allegedly overlooked under Plaintiff's supervision. Defendant alleges Plaintiff had another "operational failure" on December 8, 2008, which resulted in misplacement of a container under his supervision. On December 10, 2008, Plaintiff was suspended pending an investigation into another disciplinary action regarding the Plaintiff. [Doc. No. 89-6, pg. 52] On December 15,

2008, at the earliest[1], Koscardy was given a counseling memo and discipline from FedEx regarding incidents that occurred during Koscardy's supervision and addressing various complaints surrounding his management and handling of employees. [Doc. Nos. 89-109 and 89-110] The Plaintiff's employment was terminated by Koscardy on December 17, 2008. Defendant states he was replaced by an employee who is 51 years old.

## DISCUSSION

Summary judgment is proper where the pleadings depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. *Id.* at 249.

In considering a motion for summary judgment, this court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Gray v. Phillips Petroleum Co.,* 858 F.2d 610, 613 (10th Cir.1988).

## I. FAMILY MEDICAL LEAVE ACT (FMLA)

### A. Interference Claims

For an employee to prevail on a claim of interference with (or deprivation of) a substantive right granted by the FMLA pursuant to 29 U.S.C. § 2615(a)(1), he must merely demonstrate by a

---

[1]FedEx contends that the while the counseling and discipline forms may have been prepared on or before December 15, 2008, it is likely that Koscardy did not received them until December 16 or December 17 as those are the dates Koscardy signed each of the forms.

preponderance of the evidence entitlement of the right; the employer's intent is immaterial. *Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 960 (10th Cir.2002).* "To make out a prima facie claim for FMLA interference, a plaintiff must establish (1) that he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights." *Jones, 427 F.3d at 1319, citing Bones v. Honeywell Int'l, Inc., 366 F.3d 869, 877 (10th Cir.2004).*

Schrieber raises two claims of interference with his FMLA rights. Initially, he argues in his Motion For Partial Summary Judgment that by extending his disciplinary period for the length of time he was on FMLA leave, the Defendant has improperly used his FMLA against him. Use of FMLA leave as a negative factor in employment actions is prohibited:

> (c) The Act's prohibition against "interference" prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights. For example, if an employee on leave without pay would otherwise be entitled to full benefits (other than health benefits), the same benefits would be required to be provided to an employee on unpaid FMLA leave. By the same token, employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under "no fault" attendance policies. See §825.215.
> 29 C.F.R. §825.220©

Several Courts have addressed the issue of whether extending a disciplinary period for the length of time an employee is on FMLA leave constitutes a "negative factor" in an employment action such that it violates the FMLA. In *Caskey v. Colgate-Palmolive Co.,* 438 F.Supp.2d 954, 969 (S.D. Ind. 2006), the Court held that the "disciplinary processes serve as probationary periods to review employee performance." *Id*. The Court determined that the employer was "entitled to review an employee's on-the-job performance for the full specified period, not merely for that period

reduced by several weeks of absences." *Id.* "The FMLA does not require an employer to cut short an otherwise justified probationary period simply because an employee has taken FMLA-protected leave." *Id.* Other Court have come to the same conclusion. *See Sayer v. Ball Corp*, 51 F.3d 1030, 1991 WL 322678, *2-3 (4th Cir. 1998)(unpublished); *Thompson v. Memorial Hosp. Of Carbondale*, 2007 WL 419792, *4 (S.D. Ill. 2007)(unpublished)("Plaintiff's probationary period was not extended, rather, Plaintiff took FMLA leave before the probationary period was over, thus, he never completed his probationary period."); *but see Schmauch v. Honda of America Manufacturing, Inc.*, 295 F.Supp.2d 823 (S.D. Ohio 2003)(Issue of fact created regarding whether extending disciplinary period for duration of employee's FMLA leave interfered with employee's right to take leave).

This Court finds that the Defendant had a right to observe the Plaintiff's performance and consider any disciplinary actions accrued by the Plaintiff for the full year time period. Therefore, the Defendant did not use the Plaintiff's FMLA leave as a negative factor by extending the time it considered any disciplinary actions received for the amount of time the Plaintiff was on leave. Had Plaintiff's time not been extended, the Defendant would have been denied the opportunity to fully observe and evaluate the Plaintiff's performance during a one (1) year span to determine whether he was capable of completing the tasks he was assigned.

The Plaintiff contends this case is distinguishable because the Defendant's treatment of FMLA leave is different from that of vacation and sick leave. Had the Plaintiff taken sick leave or vacation leave, his third discipline form would have been considered past the original calendar year and not have counted against him. However, FedEx classifies leave based on whether the employee is still "active" in determining whether or not to toll the disciplinary period. FMLA is not the only type of leave that will toll the time for review of disciplinary actions. Short term disability leave,

military leave, and other types of leave where the employee is not subject to being called back into work are also considered "inactive" periods of leave which extend the disciplinary periods for that employee for the duration of the leave. This is consistent with the case law that suggests that an employer has a right to observe the employee during the **full** time of his or her active employment.

Plaintiff also raises an FMLA interference claim regarding Koscardy's refusal to allow him to return to work on restricted leave. Plaintiff claims that Koscardy's insistence that Plaintiff return only after he had been completely released by his physician violated his rights under the FMLA. 29 U.S.C. §2612(b)(1) states that in certain circumstances leave "may be taken intermittently or on a reduced leave schedule when medically necessary." Defendant contends that Plaintiff was not entitled to return to work on a reduced schedule because, by his own admissions, he was unable to preform the essential functions of his job.

This issue was directly addressed by the Eighth Circuit in *Hatchett v. Philander Smith College*, 251 F.3d 670 (8th Cir. 2001). In *Hatchett* the Court was required to determine "whether an employee, who is unable to perform the essential functions of a job, is entitled to intermittent or reduced schedule leave." *Id.* at 675. The Court held that the "legislative history of the FMLA and the statute's restoration provisions demonstrate that an employee who could not otherwise perform the essential functions of her job, apart from the inability to work a full-time schedule, is not entitled to intermittent or reduced schedule leave." *Id*. In reaching this conclusion the Court noted:

> [T]he purpose of the FMLA is to allow an employee to be away from the job, as opposed to using the statute as a means to force an employer to be directly involved in an employee's rehabilitation. For example, an employee's inability to work may be due to a required absence for chemotherapy. While the employee is receiving treatment and is away from his or her job, the employee is unable to perform the functions of his or her job and is entitled to leave under the FMLA. S. Rep. 103-3 at p. 23. However, while the employee is at his

> or her job, the employee must be able to perform the essential functions of the job. Similarly, the legislative history addresses a situation involving an employee who is recovering from a serious health condition and is able to return to work, but must periodically leave work for continued medical supervision. In such a situation, the employee is deemed to be temporarily unable to perform the functions of the job when away from work to receive the continued medical supervision, thus entitling that individual to intermittent leave. S. Rep. 103-3 at 23.
>
> *Id.*

In short, the Court concluded the FMLA protects an employee who must leave work, or reduce his or her work schedule, for medical reasons, as long as that employee can perform the job while at work. This Court agrees with the *Hatchett* Court and finds that under the FMLA the Plaintiff does not have a right to return to work on a restricted or intermittent work schedule if he is unable to perform the essential functions of his job while at work.

The Plaintiff has admitted that during the time he was on a restricted work release from his physician he was under lifting, bending, and standing limitations. [Doc. No. 72-2, pg. 252] Defendant further admitted that he would not have been able to perform the normal duties on the aircraft operation within the restrictions placed on him during that time. [Doc. No. 72-2, pg. 254] As such, this Court finds the Defendant did not interfere with the Plaintiff's FMLA rights by requiring him to be fully released and able to fully complete the requirements of his position before returning to work rather than allowing him to return under the restricted or intermittent leave provisions of the FMLA.[2]

For the foregoing reasons Plaintiff's Motion For Summary Judgment is **DENIED** and

[2]The Plaintiff makes additional allegations regarding FedEx's failure to comply with its internal policy regarding restricted or intermittent leave, however, the Defendant's alleged failure to follow its internal policy has no bearing on the Plaintiff's FMLA interference claims.

Defendant's Summary Judgment as to Plaintiff's FMLA interference claims is **GRANTED**. Plaintiff's FMLA interference claims are hereby **DISMISSED**.

**B. Retaliation Claims**

Plaintiff alleges the Defendant retaliated against him for exercising his rights under the FMLA. Retaliation claims under the FMLA are governed by 29 U.S.C. § 2615(a)(2). *See, Jones v. Denver Public Schools,* 427 F.3d 1315, 1323 n. 2 (10th Cir.2005); *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir.2002). In deciding summary judgment on an FMLA retaliation claim, the court is guided by the burden-shifting framework developed in *McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See Richmond v. ONEOK, Inc., 120 F.3d 205, 208 ((10th Cir.1997).* Under the *McDonnell Douglas* analysis, when the plaintiff charges retaliation, as Plaintiff does here, he bears the initial burden of proving a prima facie case which is established by showing "(1) he availed himself of a protected right under the FMLA; (2) he suffered an adverse employment decision; (3) there is a causal connection between the protected activity and the adverse employment decision."

If the Plaintiff is able to establish a prima facie case, the burden shifts to the employer to rebut the presumption by producing sufficient evidence to raise a genuine issue of fact as to whether the employer retaliated against the employee. This may be done by the employer articulating a legitimate, non-retaliatory reason for the employment decision, which is clear, reasonably specific, and worthy of credence. *McDonnell Douglas, 411 U.S. at 802; Texas Department of Community Affairs v. Burdine, 450 U .S. 248, 253-55 (1981).*

Once the employer satisfies this burden of production, the employee then has the burden of persuading the court that the proffered reason for the employment decision is a pretext for

retaliation. *See, Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1263 (10th Cir.1998) The Plaintiff "may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256.

Here, Plaintiff has established that he availed himself of a protected right under the FMLA by taking an extended leave covered by the FMLA. Although the Defendant contends the leave was primarily categorized as short term disability and secondarily categorized as FMLA leave, this does not take away from the fact that the Plaintiff exercised his rights under the FMLA. The Plaintiff has also established that he suffered an adverse employment action as there is no dispute he was terminated from employment at FedEx. To establish the third element of a prima facie case of retaliation, Plaintiff must show a causal connection between his protected activity of taking FMLA leave and FedEx's decision to terminate his employment. "The critical inquiry at this prima facie stage is 'whether the plaintiff has demonstrated that the [employer's] action occurred under circumstances which give rise to an inference of unlawful discrimination.'" *Metzler v. Federal Home Loan Bank of Topeka*, 464 F.3d 1164, 1174 (10th Cir. 2006)(citing *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1221 (10th Cir.2002)). "We have repeatedly recognized temporal proximity between protected conduct and termination as relevant evidence of a causal connection sufficient to 'justify an inference of retaliatory motive.'" The Tenth Circuit has emphasized, however, that a plaintiff may rely solely on temporal proximity only if "the termination is *very closely* connected in time to the protected activity." *Metzler*, 464 F.3d at 1174 (*citing Anderson v. Coors Brewing*, 181 F.3d 1171, 1179 (10th Cir.1999) (emphasis in original).

In this case, the Plaintiff took FMLA leave from September 5, 2008, through November 13,

2008. He received a written counseling for disciplinary reasons on November 24, 2008, was suspended pending a formal investigation into certain matters on December 10, 2008, and was terminated on December 17, 2008, all in just more than a month of his return from FMLA leave. Because of the proximity of these events to Plaintiff's exercise of his rights under the FMLA, Plaintiff has met the third element to make a prima facie case.

FedEx has established a legitimate, non-retaliatory reason for Plaintiff's termination in establishing that the Plaintiff had three disciplinary actions in a twelve month period which, pursuant to FedEx policies, warrants termination.

The burden then shifts to the Plaintiff to establish a material issue of fact as to whether FedEx's explanations for his termination are pretextual. Plaintiff contends, among other things, that although he was provided three disciplinary action, the basis for these actions were not grounded in fact. He argues that the facts surrounding these disciplinary actions were manipulated by management to get him in trouble. He also claims, as do several other employees, that FedEx management placed rules and restrictions on the shift which the Plaintiff supervised in order to "set him up to fail." Plaintiff claims that this was done so that if he or his crew failed, he would be reprimanded and then subject to termination. The Defendant denies the allegations and claims that the disciplinary actions were grounded in facts sufficient to warrant termination of the Plaintiff. The Court finds that a factual dispute exists for the jury as to whether the Defendant's actions were pretexual and therefore, **DENIES** Defendant's Motion For Summary Judgment as to these claims.

## II. PLAINTIFF'S AGE DISCRIMINATION CLAIMS

### A. Discrimination Claims

Plaintiff further claims that FedEx discriminated against him because of his age in violation

of the Age Discrimination in Employment Act (ADEA). In evaluating ADEA claims, the Tenth Circuit uses the *McDonnell Douglas* analysis previously outlined when no direct evidence of discrimination exists. This Court finds that no direct evidence of discrimination exists here, therefore, *McDonnell Douglas* analysis is appropriate.

To make out a prima facie case of age discrimination the plaintiff must show that he "(i) was within a protected age group, (ii) was doing satisfactory work, (iii) was discharged despite the adequacy of [his] work, and (iv) has some evidence the employer intended to discriminate against [him]" in reaching the decision to terminate him. *Paup v. Gear Products, Inc*., 327 Fed.Appx. 100 (10th Cir. 2009)(Unpublished)(citing *Hinds v. Sprint/United/Mgmt*. Co., 535 F.3d 1187, 1195 (10th Cir. 2008)).; *see also Beaird v. Seagate Tech., Inc*., 145 F.3d 1159, 1165 (10th Cir.1998). Plaintiff may satisfy the fourth element "through circumstantial evidence that the plaintiff was treated less favorably than younger employees..." *Paup*, 327 Fed.Appx. at 117 (citing *Beaird*, 145 F.3d at 1165). Here, the Defendant "assumes the Plaintiff can establish a prima facie case" and, therefore, does not challenge these elements. [Doc. No. 72] The Court also finds there is sufficient evidence in the record to find that the Plaintiff has established a prima facie case.

In the second stage, the defendant must carry the burden to provide a legitimate nondiscriminatory reason for plaintiff's termination. *McKnight v. Kimberly Clark Corp.,* 149 F.3d 1125, 1129 (10th Cir. 1998). The Defendant has satisfied its burden so the burden shifts back to the plaintiff who must show that age was a determinative factor in defendant's employment decision, or show that the defendant's explanation was merely a pretext. *Id.*; *Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1425 (10th Cir.1993).

The Plaintiff cites much of the same information regarding pretext as has already been

discussed by this Court in the analysis of Plaintiff's FMLA claims. In addition Plaintiff contends that he was treated differently than similarly situated younger employees. He claims that younger employees and managers were provided written counselings or just talked to when they made mistakes so that their mistakes did not count towards them to the extent they could be terminated. Schrieber contends that when he made similar mistakes he was given written reprimands which counted towards termination of his employment. The Defendant states that Schrieber was not treated differently that any other employees and that the employees that Schrieber seeks to compare are not "similarly situated."

This Court finds that the Plaintiff has established that a material issue of fact exists as to whether Plaintiff was discriminated against because of his age and therefore, Defendant's Summary Judgment Motion as to this claim is **DENIED**.

**B. Retaliation Claims**

Plaintiff also claims that FedEx retaliated against him for filing an internal complaint regarding his allegations of age discrimination. A prima facie case of retaliation under the ADEA requires the plaintiff to show that "(1) he or she engaged in protected opposition to discrimination, (2) a reasonable employee would have considered the challenged employment action materially adverse, and (3) a causal connection existed between the protected activity and the materially adverse action." *Hinds v. Sprint/United Management Co.*, 523 F.3d 1187, 1202 (10th Cir. 2008); *See also Montes v. Vail Clinic, Inc*., 497 F.3d 1160, 1176 (10th Cir.2007). The *McDonnell Douglas* burden shifting discussed previously is also applicable to ADEA discrimination claims. *See Hinds,* 523 F.3d at n. 12.

In the case at issue there is no dispute that the Plaintiff's internal complaint regarding age

discrimination submitted to FedEx on July 30, 2008, satisfies the requirements of protected opposition to discrimination. There is also no dispute that the Plaintiff's employment termination is a materially adverse employment action. The crux of the dispute is whether the Plaintiff can establish that there was a causal connection between his filing an internal complaint and his eventual termination.

As with the FMLA claims, temporal proximity can establish the causation element of the Plaintiff's prima facie case in certain circumstances. *See Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215 (10th Cir. 2006)(Temporal proximity between an employee's protected activity and an employer's allegedly retaliatory conduct alone is sufficient to establish causation under the ADEA, but the conduct must be "very close in time.") Here, Defendant argues that Plaintiff has failed to show an appropriate temporal proximity because the Plaintiff was not fired until December 17, 2008, more than four months after the Plaintiff filed his internal complaint alleging age discrimination. What the Defendant fails to address is the fact that for more than two months of that time, the Plaintiff was away on FMLA leave. The Tenth Circuit has addressed this issue and held that the time while an employee is on leave is not calculated against the employee when figuring temporal proximity. *See Wells v. Colorado Dept. of Transp.*, 325 F.3d 1205, 1217 (10th Cir. 2003).

In *Wells*, the Court reasoned that since the Plaintiff was on leave during most of the time between her filing a grievance, and her transfer and reassignment, "[e]ven if Mr. Moston had a desire to retaliate for the November complaints, it did not make sense for him to do so until Plaintiff returned to work." *Id.* Such is the case here. Almost immediately after returning to work the Plaintiff received a written counseling. He was then suspended and fired all in little more than a

month after returning from work after his leave. As such, Plaintiff has met the temporal proximately necessary to meet the third element of the prima facie case for retaliation under the ADEA.

In addressing the additional element of the *McDonnell Douglas* analysis, the evidence presented by the parties is similar to that provided to prove the FMLA claims. The Defendant provides evidence of Plaintiff's poor work performance and reprimands as evidence that they had a non-discriminatory reason for terminating Plaintiff's employment.

The Plaintiff also provides similar evidence of pretext. Additionally, the Plaintiff cites as evidence of pretext in the ADEA retaliation context regarding the proximity of Plaintiff's termination to Koscardy's reprimand. On December 15, 2008, a written reprimand and disciplinary form was written for Koscardy addressing problems with his leadership ability. Plaintiff claims part of the reason for this disciplinary action was because of his internal complaint alleging age discrimination. The reprimands to Koscardy were signed on December 16, 2008, and December 17, 2008, indicating he had received the documents and understood their contents. [Doc. Nos. 89-109 and 89-110] Schrieber was fired on December 17, 2008. Plaintiff contends that the proximity of his termination to the disciplinary action against Koscardy is sufficient to show pretext.

Defendant contends that Koscardy had already determined to take disciplinary action against Schrieber, including termination of his employment by December 15, 2008, and at that time, he had not been provided with news of the disciplinary actions.

As with the FMLA and ADEA discrimination claims, the factual issues presented by the parties regarding pretext are ones to be determined by a jury. As such, Defendant's Summary Judgment Motion as to Plaintiff's Retaliation claim is hereby **DENIED**.

### C. State Law Claims

Plaintiff also claims FedEx's alleged age discrimination provides him a remedy pursuant to Oklahoma's state law tort claim for wrongful discharge in violation of public policy. "A plaintiff may pursue a state law *Burk* tort claim for wrongful discharge in violation of public policy when the same remedies are not available to the same class of employment discrimination victims, regardless of whether the remedies originate from federal or state law." *Shirazi v. Childtime Learning Center, Inc.*, 204 P.3d 75 (Okla. 2009) Double recovery is not permitted.

The parties are in disagreement as to whether the law requires the Plaintiff to show pretext in order to overcome summary judgment. The Court finds that even if the law requires the Plaintiff to prove a material issue of fact regarding pretext to overcome summary judgment on the state law claims, he has met this burden. As discussed above, this Court finds there is a material issue of fact to be resolved by the jury as to whether the Plaintiff's age motivated FedEx to terminate the Plaintiff. To prove the state law claim, Plaintiff must show that his age was a "significant factor" in Defendant's wrongful discharge of Plaintiff. As previously addressed, the Plaintiff has set forth sufficient material facts to overcome summary judgment and present this claim to a jury.

Therefore, Defendant's Motion For Summary Judgment as to Plaintiff's Age Discrimination claims are hereby **DENIED**.

## III. DEFENDANT'S OPPOSED MOTION TO AMEND THE ANSWER

Also pending before this Court is Defendant's Opposed Motion To Amend The Rule 16(b) Scheduling Order To Allow Defendant To File An Amended Answer And Supporting Brief [Doc. No. 66], Plaintiff's Response [Doc. No. 68], and Defendant's Reply [Doc. No. 80]. Defendant seeks

to amend its Answer to assert a "same result" defense[3] only if the Court feels that it is necessary to be pled as an affirmative defense.[4] Defendant brings this motion only as a cautionary measure since the issue was raised by the Plaintiff in his Motion For Partial Summary Judgment alleging that the defense had not been pled.

Defendant contends that the defense is only applicable, and they are only asserting it, as to the FMLA claims, and not to Plaintiff's age claims under state law and the ADEA. As determined by this Court the only remaining FMLA issues to be tried by a jury are the Plaintiff's FMLA retaliation claims. To prove that claim the Plaintiff must show that his termination was causally related to taking FMLA leave. The defense FedEx wishes to assert is simply evidence which is meant to rebut that element of Plaintiff's claim by showing that his termination was not causally related because even had he not taken FMLA leave, the result would have been the same.

The Tenth Circuit in *Masuen v. E.L. Lien & Sons, Inc.*, 714 F.2d 55, 56 (10th Cir. 1983) stated that "[i]f the defense involved is one that merely negates an element of the plaintiff's prima facie case ... it is not truly an affirmative defense and need not be pleaded despite rule 8(c)." *Id. Citing Sanden v. Mayo Clinic*, 495 F.2d 221, 224 (8th Cir.1974). This Court finds that it is unnecessary for the Defendant to amend its Answer to assert the "same result" defense in order to

---

[3]The parties have consistently used the term "same result" defense throughout their briefing to refer to the defense under the FMLA that even if the employee had not taken FMLA leave, the same result would have occurred and the employee would have been terminated. Although the case law does not seem to use the specific term "same result" defense, for the sake of continuity, this Court will use the phrase used by the parties.

[4]Defendant's initial Motion To Amend [Doc. No. 66] also requests leave to allow Defendant to Amend the Answer to add an after-acquired evidence defense based on alleged discriminatory comments made to the Plaintiff. In Defendant's reply, however, the Defendant withdrew this request and now only seeks to add the "same result" defense. [Doc. No. 80]

be able to argue it at trial.

For the foregoing reasons, Defendant's Motion To Amend the Answer to add the "same result" defense is hereby **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Motion For Summary Judgment is therefore **DENIED** and Defendant's Motion For Summary Judgment is **GRANTED IN PART**, and **DENIED IN PART**. Defendant's Motion To Amend The Rule 16(b) Scheduling Order To Allow It To Amend The Answer is also **DENIED**.

James H. Payne
United States District Judge
Northern District of Oklahoma