**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DENNIS SCHRIEBER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CV-128-JHP-PJC** |
| | ) | |
| **FEDERAL EXPRESS CORPORATION** | ) | |
| **d/b/a FEDEX EXPRESS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER AND OPINION

Before the Court are Defendant's Motion to Bifurcate Trial and Brief in Support Thereof [Doc. No. 129], and Plaintiff's Response in Opposition [Doc. No. 130]. Defendant's Motion to Bifurcate the Trial is **GRANTED** in part, and **DENIED** in part.

## DISCUSSION

Dennis Schrieber, the Plaintiff, alleges claims under the Age Discrimination in Employment Act (hereinafter "ADEA"), the Family Medical Leave Act (hereinafter "FMLA") and state law pubic policy against Federal Express Corporation (hereinafter "FedEx") arising out of termination of his employment with FedEx on December 17, 2008. Plaintiff seeks damages including back pay, front pay, compensatory damages, punitive damages, and liquidated damages, however, not all of these types of damages are available as a remedy for each of the different claims sought. On March 5, 2010, the Defendant filed a Motion To Bifurcate the Trial and Brief in Support Thereof.

Rule 42(b) of the Federal Rules of Civil Procedure provides that a district court, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial...of any number of claims, cross-claims,

1

counterclaims, third party claims, or issues." As the Tenth Circuit noted in *York v. Amer. Tel. & Tel. Co.*, 95 F.3d 948, 958 (10th Cir. 1996), although the decision of whether to bifurcate a case rests within the broad discretion of the trial court, it "must be made with regard to judicial efficiency, judicial resources and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury."

The Defendant seeks to bifurcate the liability stage of the trial from the damages stage of the trial claiming it will be "conducive to judicial economy." [Doc. No. 129] Defendant claims that several witnesses will only be necessary during the damages phase of the trial and therefore, if no liability is found, these witnesses will not be required to testify saving the court and the jury's time. The Defendant further claims that allowing evidence during the liability stage of the trial which is only relevant to damages is prejudicial to the Defendant.

The Plaintiff filed a response in opposition to bifurcation claiming that he would be prejudiced by separating the evidence into different stages of the trial by being required to keep his expert witness "on call" until, and/or if, the expert would be needed for the damages stage. By doing this, the Plaintiff would be required to incur a large expense in expert fees which would not be necessary if he could call his expert as part of his case in chief with knowledge of when the expert will be needed. Plaintiff further claims that the damages issues are strongly tied to the liability issues and as such, should not be broken into two stages of evidence. This Court agrees.

This Court finds no reason to separate the liability evidence from all of the evidence regarding damages. The Court notes that Rule 42(b) of the Federal Rules of Civil Procedure permits a court to order separate trials of any claims or issues "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." However, for the

2

reasons outlined above, the Court finds that bifurcation of the liability evidence from all of the damages evidence does not serve this purpose.

The Defendant has asked that in the alternative, the Court allow a separate stage for evidence regarding punitive and liquidated damages. The Court agrees that evidence such as the Defendant's financial condition that is <u>only</u> applicable to punitive damages is appropriately left to a separate punitive damages stage. The Court does not find that evidence regarding liquidated damages requires a separate second stage. As such, the Court finds that any separate evidence that is <u>only</u> specific to punitive damages can be presented during the punitive damages stage which will be held if/when the jury determines punitive damages are applicable.

The Court also, finds that, because of the different remedies available for the different causes of action sought, there is a need to guard against jury confusion. As such, the Court will allow for the presentation of the evidence and then instruct the jury only on the issues of liability. Once the issues of liability have been decided by the jury, the Court will then separately instruct on the damages available, if any, and have the jury return to deliberations regarding damages. This Court will not at that time allow separate presentation of evidence regarding compensatory or damages other than punitive damages, but rather, the Court will give instructions to the jury in two phases so as not to confuse the jury more than necessary are to which damages as available for the different claims.

### CONCLUSION

Accordingly, Defendant's Motion To Bifurcate the Trial and Brief in Support Thereof is **GRANTED** in part, and **DENIED** in part. The Court will only allow a separate stage for the presentation of evidence regarding punitive damages if/when the jury determines punitive damages

are available. The Court will allow the parties to present all other admissible evidence and will

instruct the jury initially as to the law regarding liability. Once the jury has determined whether

there is liability as to the various causes of action, the Court will instruct, if necessary, as to the

applicable damages and allow the jury to return a verdict as to damages.

James H. Payne
United States District Judge
Northern District of Oklahoma