# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

DENNIS SCHRIEBER, )
          Plaintiff, )
v. ) Case No. 09-CV-128-JHP-PJC
FEDERAL EXPRESS CORPORATION )
d/b/a FEDEX EXPRESS, )
          Defendant. )

## ORDER AND OPINION

Before the Court are Defendant's Motion in Limine and Brief in Support [Doc. No. 93], the Plaintiff's Response in Opposition [Doc. No. 110], Defendant's Reply [Doc. No. 128] and Plaintiff's Motion in Limine [Doc. No. 90], Defendant's Response in Opposition [Doc. No. 113], and Plaintiff's Reply [Doc. No. 127]. Also before the Court are Defendant's Motion in Limine to Exclude Michael Parker's Testimony [Doc. No. 137] and Plaintiff's Response in Opposition [Doc. No. 138]. The Defendant's Motion in Limine and Brief in Support [Doc. No. 93] is **GRANTED** in part, and **DENIED** in part and the Plaintiff's Motion in Limine is **GRANTED** in part, and **DENIED** in part. Defendant's Motion in Limine to Exclude Michael Parker's Testimony is also hereby **GRANTED**.

## DISCUSSION

**I.    DEFENDANT'S MOTION IN LIMINE AND BRIEF IN SUPPORT [DOC. NO. 93]**

Defendant's Motion in Limine and Brief in Support [Doc. No. 93] seeks to exclude or limit seven different categories of evidence the Defendant anticipates the Plaintiff will seek to introduce at trial.

## A. Evidence Of The Conduct And Results Of FedEx's Internal EEO Investigations At The Liability Phase Of The Trial

The Plaintiff filed two internal complaints (IEEO complaints) with Defendant, Federal Express Corporation (hereinafter "FedEx") regarding his allegations of age discrimination and disparate treatment. Plaintiff contends that FedEx improperly investigated those complaints and "so far departed from its own practices" that the investigation was a sham. [Doc. No. 110] Defendant contends the manner of the investigations are not relevant to the Plaintiff's discrimination claims of pretext since the supervisor at issue was not involved in the investigations. However, in *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 750 (10th Cir. 1999) there was testimony that the "'standard method or procedure' for handling a harassment complaint is to interview the persons involved in or who might have knowledge about the alleged incidents." The Court determined that since there was testimony that these procedures had been followed in investigating other employees' claims, the failure to follow these procedures when investigating the Plaintiff's claim could be evidence of disparate treatment. *Id*. "In combination with the evidence showing that Plaintiff's work evaluations declined and his supervisors began complaining about his work, this evidence of disparate treatment permits a reasonable inference of discrimination based on disability, which satisfies the third element of Plaintiff's prima facie case." *Id*. Such is the case here. Evidence of FedEx's failure to follow their internal policy in investigating Schrieber's claims while following them for other employees is appropriate evidence of pre-text.

Therefore, the Court **DENIES** Defendant's motion to exclude evidence regarding both[1] of

---

[1]The Plaintiff filed two IEEO complaints, one in August, 2008, before he was fired, and one after his employment was terminated. The Defendant contends that even if this Court concludes evidence regarding the first complaint is relevant that the second complaint is not

2

IEEO complaints filed by the Plaintiff or the evidence regarding the manner in which FedEx conducted an investigation concerning these complaints.

Defendant specifically asks this Court to exclude specific exhibits[2] for various reasons, mainly because the Defendant contends they contain inadmissible hearsay. However, the Defendant has failed to provide the Court with a copy of the exhibits it identifies in it's motion. As such, the Court cannot properly assess the validity of Defendant's arguments and **DENIES** Defendant's motion as to these exhibits. Defendant will be allowed to re-urge its objections to these exhibits at trial.

### B. Evidence Of His Claim For Or Receipt of Unemployment Benefits, And The Fact That FedEx Initially Contested His Unemployment Claim

The Defendant contends the Court should exclude any evidence regarding Plaintiff's request for and award of unemployment benefits. The Plaintiff argues the fact that FedEx initially contested Plaintiff's eligibility for unemployment benefits is relevant to Defendant's bad faith and state of mind. This Court agrees with the Defendant that the unemployment proceeding in this case is irrelevant and should be excluded. The testimony from FedEx management has been that it is their policy to, in every case, automatically dispute unemployment claims made by former employees. [Doc. Nos. 93-5, 128-2] The case law cited by the Plaintiff to support his proposition that unemployment benefits are admissible, arise from situations surrounding an employer's bad faith contest of unemployment claims. *See Nat'l Chiropractic Mut. Ins. Co. v. Kancilia*, 77 Fed. Appx. 445 (10th Cir. 2003)(Employer misrepresented employee's salary in contesting

---

admissible because it was filed after Schrieber was terminated. This Court finds that evidence regarding both IEEO complaints are admissible.

[2]Defendant objects to Exhibit Nos. 139-149, 35-36, and 153-155.

unemployment benefits.); *Southwest Forest Indus., Inc., v. Sutton*, 868 F.2d 352 (10th Cir. 1989)(Employer's continued to oppose unemployment benefits calling the employer a liar even after learning that his accusation regarding the employee lying on his employment application were false.) This is not the case here. The Plaintiff was not treated any differently than any other employees in that his claim was contested based on an internal policy to initially contest unemployment claims. As such, evidence of the Plaintiff's unemployment claims are irrelevant.

Defendant's motion regarding evidence of Plaintiff's unemployment claim is hereby **GRANTED.**

### C. Offer Of Settlement

FedEx contends that the proposed settlement offer that it made to Schrieber in January, 2009, after his employment had been terminated, is not admissible at trial under Federal Rule of Evidence 408. The Plaintiff contends that the January communication was a "business communication" and therefore, outside of the communications covered by FRE 408. Both parties cite *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338 (9th Cir. 1987) which discusses the admissibility of "termination agreements." The Court in *Cassino* discusses two different kinds of agreements typically seen in ADEA cases. The first is "in connection with the negotiation and settlement of disputes arising after the termination." *Id.* at 1342. "In these cases, an employee relinquishes the right to a judicial determination of an ADEA claim in return for valuable consideration after having asserted that he or she is a victim of illegal discrimination." *Id.* The Court held that these settlement offers are inadmissible to prove liability pursuant to FRE 408.

The second situation "occurs when an employment relationship is terminated and the

employer offers a contemporaneous severance pay package in exchange for a release of all potential claims, including claims for discriminatory acts that may have occurred at or before the termination." *Id*. Such termination agreements generally are considered relevant to the circumstances surrounding the alleged discriminatory discharge itself and are probative on the issue of discrimination. *Id.*

The proposed agreement in this case was not offered contemporaneous with the Plaintiff's discharge, but rather, was offered in January, 2009, while an internal appeals process, a separate internal EEO complaint regarding his allegations of age discrimination and an EEOC complaint were on going. Under the rationale in *Cassino*, this is an inadmissible settlement offer under FRE 408.

The Plaintiff further argues that although the settlement agreement may not be allowable to prove liability, it may be relevant as evidence of another purpose. See FRE 408(b). The Plaintiff contends that the settlement agreement is relevant to show that the Defendant had knowledge of the unlawfulness of its actions of purposes of obtaining liquidated damages. However, the Plaintiff has failed to explain how the use of the settlement agreement will evidence Defendant's knowledge of unlawful actions. As such, Defendant's Motion to exclude the introduction of evidence regarding the settlement offer is **GRANTED**.

### D. Evidence Regarding FedEx's SFA Program And Results

The Plaintiff seeks to introduce evidence concerning the Survey/Feedback/Action Program (hereinafter "SFA") FedEx uses to obtain information from its employees regarding the performance of its supervisors and managers. The information is gathered through the use of voluntary, anonymous surveys submitted by employees. Schrieber contends that the statements of subordinate

employees is often relevant in employment discrimination and retaliation cases. However, in this case, Schrieber is not seeking to put on testimony of subordinate employees who can be cross examined by the defense, but rather to introduce the information gathered through anonymous, voluntary surveys. Courts have often excluded anonymous or voluntary surveys as irrelevant and unreliable. *See Crumpacker v. Kansas Dept. Of Human Resources*, 2004 WL 1846146, *4 (D. Kan. 2004)(unpublished)(Anonymous responses to survey not admissible); *Olle v. Columbia University*, 2004 WL 2580684, *3 (S.D.N.Y. 2004)(Unpublished)(Anonymous responses to surveys both inadmissible and irrelevant). This Court also finds that the SFA surveys are irrelevant and unreliable as there is no way to identify who submitted the information and allow the Defendant a chance to cross examine those persons regarding their opinions. For these reasons the Defendant's Motion in Limine to exclude evidence regarding the SFA program is **GRANTED**.

### E. Evidence Of The Fact That Keith Neals Filed A Prior Race Discrimination Lawsuit As Well As The Facts Pertaining To The Settlement Of That Litigation

Defendant seeks to keep out the fact that Keith Neals, a prior FedEx employee, previously filed a lawsuit against FedEx claiming race discrimination as well as the fact that the lawsuit resulted in a settlement. This Court agrees that the fact that a prior lawsuit was filed for race discrimination has no relevancy to Schrieber's claim for age discrimination or his claims regarding FMLA retaliation. Further, allowing the jury to hear that the prior litigation was settled leads to an inference that FedEx admitted liability in that suit which is improper and irrelevant under Federal Rules of Evidence 401 and 403. As such, Defendant's Motion in Limine to Exclude this evidence is **GRANTED**.

### F. Evidence Of Alleged Discriminatory Treatment Of Keith Neals And Nick Gallardo

Defendant requests this Court exclude the testimony of Keith Neals, a former FedEx manager, and Nick Gallardo, an hourly FedEx employee regarding their allegations of discrimination while employed at FedEx. It is anticipated that Neals will testify that while employed at FedEx, Attila Koscardy, Schrieber's supervisor, discriminated against Neals because of his race. It is also anticipated that Neals will state that Koscardy gave approval for certain actions and then later denied providing approval. Neals claims he was then reprimand for completing the task he felt had been approved. Schrieber has a similar allegation regarding Koscardy providing approval, later denying he did so, and disciplining Schrieber for acting on his approval. The Plaintiff claims that Neals' testimony is permissible under FRE 404(b) to show lack of mistake and modus operandi because is shows that this is a regular means of discrimination for Koscardy.

Gallardo is anticipated to testify that Koscardy made comments to him regarding his inability to move quickly which he attributes to a disability he has. He also believes he was discriminated against because of his age and was retaliated against for standing up for Schrieber. Gallardo was terminated in September, 2009, nearly nine months after the Plaintiff was let go. He was, however, reinstated as part of the internal EEO investigation.

Federal Rule of Evidence 404(b) generally excludes evidence of other acts for the purpose of proving a person acted similarly on other occasions. "This general rule has been modified somewhat in the context of employee discharge cases requiring proof of discriminatory intent to allow testimony of other employees about their treatment by the defendant employer if the testimony establishes a pattern of retaliatory behavior or tends to discredit the employer's assertion of legitimate motives." *Coletti v. Cudd Pressure Control,* 165 F.3d 767, 776-777 (10th Cir. 1999); *see also Spulak v. K Mart Corp.,* 894 F.2d 1150, 1156 (10th Cir.1990) "In order for the court to find

such character testimony relevant, however, the plaintiff must show the circumstances involving the other employees are such that their statements can logically or reasonably be tied to the decision to terminate [the plaintiff]." *Coletti,* 165 F.3d at 776-777. (Internal citations omitted) "Additionally, even though such testimony is relevant to show motive or intent, the trial court may still properly disallow relevant evidence it finds unduly prejudicial." *Coletti,* 165 F.3d at 776-777. (Internal citations omitted); FRE 403.

This Court finds that the anticipated testimony of Neals and Gallardo are not logically or reasonably tied to the decision to terminate Schrieber. Further, the testimony is not allowable to show modus operandi since there is no dispute over the identity of the actor in this scenario. As such, Defendant's Motion in Limine to exclude the testimony of Gallardo and Neals regarding their alleged similar discriminatory experience is **GRANTED.**

### G. Evidence Of Defendant's Net Worth At The Liability Phase Of The Trial

This Court agrees with the Defendant that evidence of its financial condition is only relevant at the punitive damages stage of the trial, if necessary[3]. *See Whiteley v. OKC Corp*, 719 F.2d 1051, 1055 (10th Cir. 1983). Therefore, Defendant's Motion in Limine regarding evidence of Defendant's networth is hereby **GRANTED**.

### II. DEFENDANT'S MOTION IN LIMINE TO EXCLUDE MICHAEL PARKER'S TESTIMONY [DOC. NO. 137]

Defendant FedEx filed a second Motion In Limine seeking to exclude the testimony of FedEx IT employee Michael Parker. It is anticipated the Plaintiff will use the testimony of Parker to support his requested jury instruction regarding spoliation of evidence. In a recorded statement,

---

[3]The Court will address how the trial will be structured and the difference stages to be held in its Opinion And Order regarding Defendant's Motion To Bifurcate. [Doc. No. 129]

Parker stated that Koscardy asked him to either "erase", "delete" or "clean" Schrieber's computer, including all of the e-mails on the computer without any instruction to back up the data on the computer. Koscardy testified in his deposition that he asked Parker to set the computer up for a new user, but that he was requesting the documents to be backed up or preserved first.

"Sanctions for spoliation of evidence are appropriate when the party had a duty to preserve the evidence because it knew or should have known litigation was imminent, and the other party was prejudiced by the destruction of the evidence." *Hatfield v. Walmart Stores*, 335 Fed.Appx. 796, 804, 2009 WL 1904581 (10th Cir. 2009)(unpublished). "The party seeking sanctions for spoliation need not show that the other party acted in bad faith." *Id.* If the party can meet these elements, an instruction on adverse inference may be an appropriate sanction for spoliation of evidence. *See id.*

Here the Court finds that the Plaintiff has failed to establish that he was prejudiced by the alleged destruction of the e-mail from his computer. Although Schrieber states in his deposition that he believes there are other e-mails, he is unable to conclusively state if, or when the other e-mails were sent, or what they said. [Doc. No. 138-3] As such, it is possible there were no other e-mails or they did not contain information relevant to this litigation. "Of course, a party cannot be ordered to produce that which does not exist." *Oldenkamp v. United American Ins. Co.*, 2008 WL 4682226 (N.D. Okla. 2008)(unpublished) "The record evidence must establish that documents exist." *Id*.

Since the Plaintiff cannot establish the second element necessary to obtain a spoliation jury instruction regarding the allegedly destroyed e-mails, Michael Parker's testimony regarding the evidence destruction issue is irrelevant. Therefore, Defendant's Motion In Limine to exclude this testimony is **GRANTED.**

**III. PLAINTIFF'S MOTION IN LIMINE**

The Plaintiff seeks to exclude or limit three different categories of evidence. Initially, the Plaintiff requests this Court limit evidence regarding issues related to the Plaintiff's job performance to only situations which precede October 1, 2007. The Plaintiff contends that anything prior to October 1, 2007, is too far removed from the Plaintiff's December 17, 2008, termination date to be relevant.

The Defendant contends that the Plaintiff's October 1, 2007, date places an arbitrary limit on the presentation of evidence. Instead, the Defendant contends that the relevant time period is from the time the Plaintiff was transferred to the Tulsa FedEx location in August, 2007, to the time of his termination. The Defendant claims that under the FedEx policy, which Koscardy would have used in evaluating how to handle Schrieber's disciplinary actions, "an employee's entire performance history is reviewed and taken into consideration when evaluating recurring patterns of performance problems." [Doc. No. 113-2] The policy also states that "[m]anagement should consider the relative nature of all infractions for the purpose of taking correction actions." [Doc. No. 113-2]

Since under the FedEx policy Koscardy and FedEx management were instructed to take into account Schrieber's performance history in making disciplinary decision, the Court finds that the time period relevant in this action begins at the time Schrieber was transferred to the Tulsa FedEx location in August, 2007. Any evidence regarding performance issues prior to that time will be prohibited. Therefore Plaintiff's Motion in Limine regarding the limitation evidence regarding Plaintiff's performance issues is **GRANTED** in part, and **DENIED** in part.

The remainder of Plaintiff's Motion asks this Court to make rulings on specific exhibits the Defendant has listed and documents it intends to use at trial. However, the Plaintiff has failed to

provide the Court with a copy of these exhibits[4], therefore, the Court is unable to make rulings on these exhibits at this time. Plaintiff's Motion regarding exclusion of Defendant's various exhibits if hereby **DENIED**, however, Plaintiff can re-urge his objections to these exhibits at trial.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion In Limine and Brief in Support [Doc. No. 93] is **GRANTED** in part, and **DENIED** in part. Plaintiff's Motion in Limine is **GRANTED** in part, and **DENIED** in part. Defendant's Motion In Limine to Exclude Michael Parker's Testimony is **GRANTED**.

**IT IS SO ORDERED.**

/s/ James H. Payne
James H. Payne
United States District Judge
Northern District of Oklahoma

---

[4] Plaintiff did provide a copy of one challenged exhibit, Defendant's Responses to Plaintiff's First Set of Interrogatories. [Doc. No. 90-2]. However, in Defendant's Response To Plaintiff's Motion In Limine [Doc. No. 113] Defendant withdrew this document as an exhibit, therefore, this Court will not rule on this objection as it is deemed moot.